IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GERMAN GALVAN, § | | |
|    *PLAINTIFF* § | | |
| § | | |
| VS. § | CASE NO. _____ | |
| § | | |
| LAZAR IVANOV AND § | | |
| ALFA TEAM ELECTRICAL § | | |
| CONTRACTORS, LLC, § | | |
|    *DEFENDANTS.* § | JURY DEMANDED | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff GERMAN GALVAN, and files this Original Complaint against Defendants LAZAR IVANOV and ALFA TEAM ELECTRICAL CONTRACTORS, LLC, and for cause of action would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff German Galvan (hereinafter "Plaintiff Galvan") is an injured individual residing in Longview, Texas.

2. Defendant Lazar Ivanov (hereinafter "Defendant Ivanov") is an individual residing in Stamford, Connecticut and can be served with process at his last known address of 27 Lindstrom Road, Stamford, CT 06902; or wherever he may be found.

3. Defendant Alfa Team Electrical Contractors, LLC (herein after "Defendant Alfa Team Electrical") is a foreign limited liability company formed under the laws of the State of Connecticut and doing business in Texas. Defendant Alfa Team Electrical can be served with process through its registered agent Lazar Ivanov at 27 Lindstrom Road, Stamford, CT 06902.

For Venue purposes only, Defendant Alfa Team Electrical can be deemed to reside in the Eastern District of Texas because it is subject to personal jurisdiction here.

## B. JURISDICTION AND VENUE

4.   This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of different states.  All of the corporate defendants have engaged in intentional and systematic contacts with the State of Texas.

5.   Venue is proper in this district under the provisions of 28 U.S.C. § 1391because the wreck occurred in Gregg County, Texas, which is in the Marshall Division of the Eastern District of Texas.

## C. CONDITIONS PRECEDENT

6.   All conditions precedent have been performed or have occurred.

## D. RESPONDEAT SUPERIOR

7.   Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendant or was done in the normal routine course of the agency or employment of the Defendant.

8.   In addition to the other Counts herein, the incident made the basis of Plaintiff Galvan's lawsuit was proximately caused by the negligence of Defendant Alfa Team Electrical through its employee and authorized agent, Defendant Ivanov.

## E. FACTS

9.      On or about November 18, 2019, Plaintiff Galvan was driving west on Marshall Avenue in Longview, Texas.  He was driving in the outside lane of traffic and Defendant Ivanov was driving an 18-wheeler west on Marshall Avenue in the center lane of traffic.  Defendant Ivanov was driving an 18-wheeler owned by Defendant Alfa Team Electrical.  Defendant Ivanov was acting in the course and scope of his employment with Defendant Alfa Team Electrical and was driving a the 18-wheeler in furtherance of Defendant Alfa Team Electrical's business. Defendant Ivanov attempted to make an improper right turn from the center lane without regard to Plaintiff who was traveling in the outside lane of traffic.  As a result of Defendant Ivanov's negligence, he drove directly into Plaintiff's path causing Plaintiff to collide with the cab of Defendant Ivanov's 18-wheeler.

## F.  NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT IVANOV

10.     Defendant Ivanov had a duty to exercise ordinary care and operate Defendant Alfa Team Electrical's vehicle reasonably and prudently.

11.     Defendant Ivanov —acting in the course and scope of his duty with Defendant Alfa Team Electrical—breached the duty of care in the following ways:

        a.      Failing to drive in a single lane of traffic;

        b.      Turning when unsafe;

        c.      Failing to maintain a proper lookout;

        d.      Driver inattention; and

        e.      Reckless operation of a motor vehicle.

12.     In addition, Defendant Ivanov's actions also constitute negligence per se for violating the following traffic laws in the State of Texas:

  a.  Texas Transp. Code § 545.060; failure to drive in a single lane of traffic;

  b.  Texas Transp. Code § 545.103; failing to make a safe turn; and

  b.  Texas Transp. Code § 545.401; reckless driving.

### G. NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, RETENTION, AND SUPERVISION OF DEFENDANT ALFA TEAM ELECTRICAL

13. Defendant Alfa Team Electrical entrusted its' vehicle to its' employee, Defendant Ivanov for use on public roads and in furtherance of Defendant Alfa Team Electrical's business. As the employee, Defendant Ivanov's job was to deliver Defendant Alfa Team Electrical's products and goods using its vehicle for transportation.

14. Defendant Ivanov is known to be a reckless and incompetent driver. Defendant Alfa Team Electrical knew or should have known of Defendant Ivanov's recklessness and incompetence. Defendant Alfa Team Electrical failed to do a proper background search and/or call previous employers.

15. Defendant Alfa Team Electrical could have reasonably anticipated that entrusting its vehicle to Defendant Ivanov would result in harm to the public on the road. Defendant Alfa Team Electrical's knowledge of Defendant Ivanov's incompetence – or in the alternative, Defendant Alfa Team Electrical's failure to diligently search and inquire as to Defendant Ivanov's incompetence – proximately caused harm to Plaintiff Galvan as complained of below.

16. Further, based on the above, Defendant Alfa Team Electrical had a duty to hire, supervise, train, and retain its employees in a competent manner consistent with the actions of a reasonably prudent company. Defendant Alfa Team Electrical breached this duty through the following actions:

  a.  Failing to check the credentials, training, work history, and/or criminal history of Defendant Ivanov;

      b.      Failing to train Defendant Ivanov with the best practices of the industry;

      c.      Failing to terminate Defendant Ivanov after discovering behavior and/or facts indicating that Defendant Ivanov was not competent to operate a commercial vehicle; and

      d.      Other actions that will be brought forth through discovery and trial.

17. These failures of Defendant Alfa Team Electrical were the proximate cause and cause in fact of Plaintiff Galvan's injuries, complained of below.

## H. DAMAGES

18. As a direct and proximate result of the negligent conduct of all Defendants as alleged above, Plaintiff sustained bodily injuries and damages. Plaintiff Galvan also sustained damages to his property, specifically the vehicle he was driving at the time of the wreck. Plaintiff's damages include but are not limited to the following:

      a.      Physical pain in the past and future;

      b.      Mental anguish in the past and future;

      c.      Physical impairment in the past and future;

      d.      Medical expenses in the past and future.

19. Plaintiff Galvan's property damages include but are not limited to the following:

      a.      Damages to his vehicle;

      b.      Costs of towing his vehicle;

      c.      Costs of storing his vehicle; and

      d.      Loss of use of his vehicle.

20. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered injuries to his body. By reason of the foregoing damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court

## I. JURY DEMAND

21. Plaintiff Galvan demands a jury trial and tenders the appropriate fee with this Complaint.

## J. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff Galvan prays that Defendant Alfa Team Electrical and Defendant Ivanov be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

a. Actual damages and exemplary damages;

b. Prejudgment and post-judgment interest as provided by law;

c. Costs of Court; and

d. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

THE MONSOUR LAW FIRM

*/s/ Benton G. Ross*
BENTON G. ROSS
State Bar No. 24068124
benton@monsourlawfirm.com
DOUGLAS C. MONSOUR
State Bar No. 00791289
doug@monsourlawfirm.com
JIM GOSSETT
State Bar No. 24106017
jim@monsourlawfirm.com
RYAN WISCOMBE
State Bar No. 24102656
ryan@monsourlawfirm.com
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)

**ATTORNEYS FOR PLAINTIFF**